UNITED STATES of America

v.

Jose ORTIZ–PEREZ, alias Jose Perez, alias Mario Lopez, alias Johnny Rendon, alias John Doe.

C.R. No. 94–026ML.

United States District Court, D. Rhode Island.

July 28, 1994.

Michael P. Iannotti, Asst. U.S. Atty., Providence, RI for plaintiff.

John H. Ruginski, Jr., Providence, RI for defendant.

## MEMORANDUM AND ORDER

LISI, District Judge.

The defendant Jose Ortiz–Perez (Ortiz) was charged in a one-count indictment with violating 8 U.S.C. § 1326—unlawful reentry into the United States after a prior order of deportation without first seeking the permission of the Attorney General of the United States. Ortiz filed a motion to dismiss the indictment. For the reasons discussed herein, Ortiz's motion is denied.

Ortiz, a native of the Dominican Republic, was deported from the United States on December 23, 1987. The deportation order followed from his conviction of the attempted possession and sale of a controlled substance. Ortiz was found in the United States on April 19, 1994. He admits that he reentered the United States without inspection on or about January 14, 1994.

Upon Ortiz's deportation he was given Form I–294 by the Immigration and Naturalization Service. Form I–294, printed in six languages including English and Spanish, warned Ortiz that:

> "Should you wish to return to the United States you must write this office or the American Consular Office nearest your residence abroad as to how to obtain permission to return after deportation. By law (Title 8 of United States Code, Section 1326) any deported person *who within five years* returns without permission is guilty of a felony. If convicted he [or she] may be punished by imprisonment of not more than two years and/or a fine of not more than $1,000.00." (Emphasis added.)

Ortiz contends that because he reentered the United States more than five years after he was deported the government should be estopped from prosecuting him for violating 8 U.S.C. § 1326. Ortiz avers that the time-limiting language contained in Form I–294 restricts government prosecution for violations of 8 U.S.C. § 1326 to reentries occurring within a five-year period from the date of deportation. The government concedes that the information contained in Form I–294 does not comport with the provisions of 8 U.S.C. § 1326. Section 1326 of Title 8 does not contain any time-limiting language.

Although Ortiz's initial argument was based upon his bare assertion that a prosecution under 8 U.S.C. § 1326 would be a "violation of [his] rights," his argument is better described in substance as one of equitable

estoppel. He contends that the government should be estopped from bringing an action under 8 U.S.C. § 1326 because at the time of his deportation he was informed that he would be committing a crime only if he returned to the United States within five years. The government avers that if the doctrine of equitable estoppel applies in this instance, Ortiz is not entitled to the equitable relief that he seeks.

This is an issue of first impression in this District. Section 1326 of Title 8 provides:

(a) Subject to subsection (b) of this section, any alien who—

(1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, *or is at any time found in,* the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under title 18, or imprisoned not more than 2 years, or both.

(b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—

(1) whose deportation was subsequent to a conviction for commission of a felony (other than an aggravated felony), such alien shall be fined under title 18, imprisoned not more than 5 years, or both; or

(2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 15 years, or both. (Emphasis added.)

As noted above, 8 U.S.C. § 1326 does not contain any time-limiting language. A violation of 8 U.S.C. § 1326 occurs when a deported individual reenters the United States without the Attorney General's permission at any time after that individual has been deported. *United States v. Joya–Martinez,* 947 F.2d 1141, 1144 (4th Cir.1991). The reasoning for the inclusion of the five-year limitation in Form I–294 appears to be "buried in the history of immigration law * * *." *United States v. Vieira–Candelario,* 6 F.3d 12, 13 (1st Cir.1993).[1]

Ortiz claims that Form I–294 only warned him that reentry into the United States within five years of his deportation would be a violation of 8 U.S.C. § 1326. The defect claimed by Ortiz is one with form I–294 and not with 8 U.S.C. § 1326. Consequently the defect exists in "a provision of a document with no relevant legal force." *United States v. Perez–Torres,* 15 F.3d 403, 406 (5th Cir. 1994). Form I–294 clearly adverts to 8 U.S.C. § 1326, which unambiguously articulates the consequences of any reentry without permission, regardless of when the reentry occurs. Thus the statute "provide[s] notice adequate to satisfy the requirements of due process."

The First Circuit has addressed the application of the doctrine of equitable estoppel against the government in *Akbarin v. Immigration and Naturalization Service,* 669 F.2d 839 (1st Cir.1982), *see also United States v. Rafael Perez–Santana,* 25 F.3d 1037 (1st Cir.1994) (per curiam) (applying the equitable-estoppel test as formulated in *Akbarin* to a criminal conviction.) The *Akbarin* court stated that for the government to be estopped, the party claiming estoppel must have relied upon the government's conduct and that the government must have engaged in "affirmative misconduct." *Akbarin,* 669 F.2d at 842.

In order to clarify the definition and application of the term "affirmative misconduct," the *Akbarin* court developed a two-prong inquiry for claims of estoppel against the government in immigration cases: (1) was the government's action error, and (2) did the government's misconduct induce the peti-

---

1. The government suggests that the genesis of Form I–294's five-year provision is 8 U.S.C. § 1182(a)(6)(B)(i).

tioner to act in a way he or she would not otherwise have acted. *Id.* at 843. "Thus a probability that an individual would have acted even without the Government's misconduct may bar an assertion of estoppel." *Id.* at 843–44. Furthermore, because of the nature of the equitable claim, the *Akbarin* court also noted that a petitioner's "unclean hands" could preclude an assertion of estoppel against the government. *Id.* at 844.

Ortiz has failed to establish any of the factors necessary to mount a successful estoppel challenge against the government. Ortiz offers no evidence that the government engaged in "affirmative misconduct" by including the five-year language in Form I–294. Evidence of reliance is similarly lacking in the record. Ortiz offers no evidence nor does he allege that the government's error induced him to wait for the passage of the five-year time span referred to in Form I–294 before he reentered the United States. *See generally Perez–Torres,* 15 F.3d at 407 n. 5. Furthermore, and uniquely dispositive, Ortiz concedes that he reentered the United States illegally. Consequently the doors of equity are closed because he is " 'tainted with inequitableness or bad faith relative to the matter in which he seeks relief * * *.' " *Id.* at 407.

Accordingly for the reasons stated herein, the defendant's motion to dismiss the indictment is denied.